IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER McCREE, # 152266, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action 1:15cv411-WKW |
| ) | (WO) |
| KARLA WALKER JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a pretrial petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Christopher McCree ("McCree").

**I. BACKGROUND**

In March 2002, McCree was sentenced to 18 years in prison upon his conviction in the Houston County Circuit Court for the offense of receiving stolen property in the second degree (case no. CC-98-1197). In October 2002, McCree was sentenced to concurrent terms of 25 years in prison following his convictions in the Houston County Circuit Court for two counts of unlawful possession of a controlled substance (case nos. CC-99-1367 & CC-99-1368).

Sometime after he was sentenced, McCree was paroled. *See* Doc. No. 1 at 1-2. In October 2013, while on parole, McCree was arrested by narcotics agents in Houston County on new charges of unlawful possession of a controlled substance. *Id*. at 1. Thereafter, McCree's parole was revoked. Following that revocation, he was remanded to prison to serve his state sentences.

On June 3, 2015 (Doc. No. 1), McCree filed the instant pretrial petition for habeas corpus relief under 28 U.S.C. § 2241 presenting the following claims:

1) state prosecutors have improperly failed to present a case to the grand jury based on his October 2013 arrest on charges of unlawful possession of a controlled substance in district court case nos. DC-13-2148 & DC-13-2149;

2) he was arrested on those charges without probable cause; and

3) the controlled substances were seized in a residential search conducted under an invalid search warrant.

*See* Doc. Nos. 1, 5 & 7.

When he filed his § 2241 petition, McCree was incarcerated at Ventress Correctional Facility in Clayton, Alabama, serving the remainder of his state sentences after revocation of his parole.[1] In his pleadings, he avers that he is not challenging his convictions and sentences or the revocation of his parole; instead, he is challenging the failure of prosecutors to present his October 2013 controlled substance charges to the grand jury, and also arguing that the search and arrest underlying those charges were unlawful. *See, e.g.*, Doc. No. 7 at 1-4.

## II. DISCUSSION

### A. Claim Seeking to Have Charges Presented to Grand Jury

In his § 2241 petition, McCree claims that prosecutors have improperly failed to present a case to the grand jury based on his October 2013 Houston County arrest on charges of unlawful possession of a controlled substance in case nos. DC-13-2148 & DC-13-2149.[2] Doc. No. 1 at 1-3; Doc. No. 5 at 1-2; Doc. No. 7 at 3-4. To the extent that McCree, by this claim, seeks an order

---

[1] It appears that McCree was released from the custody of the Alabama Department of Corrections sometime after he filed his § 2241 petition and before the entry of this Recommendation. He is no longer listed as an Alabama inmate on the Alabama Department of Corrections' website.

[2] In March and April 2015, McCree filed in the state district court *pro se* motions for a speedy trial and for "final disposition" of case nos. DC-13-2148 & DC-13-2149. Those motions were still pending when McCree filed his § 2241 petition. Thus, McCree had not exhausted his state court remedies for any speedy trial claim before filing his federal petition. *See* 28 U.S.C. § 2254(1)(b)(2). It appears that the district court denied McCree's speedy trial and final disposition motions on June 30, 2015. *See* Doc. Nos. 17-3 & 17-4.

2

directing state prosecutors to present his October 2013 charges to the grand jury, he is entitled to no relief. This court is without authority to order law enforcement officials or prosecutors to initiate criminal proceedings. *See, e.g., In re Hammel*, 2008 WL 2403697, at *1 (W.D. Wis. Jun. 11, 2008). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Assuming that McCree is legitimately seeking vindication of his speedy trial rights in demanding that state prosecutors present his October 2013 controlled substance charges to the grand jury, any claim seeking such relief has been mooted. After McCree filed his § 2241 petition, the October 2013 charges were presented to a Houston County grand jury, and he was indicted on those charges. On September 11, 2015, the grand jury returned indictments against McCree for the crimes charged in case nos. DC-13-2148 & DC-13-2149. *See* Doc. Nos. 17-1 & 17-2. McCree is now charged with those crimes by indictments in circuit court case nos. CC-15-810 & CC-15-811. *Id*. Because a favorable decision on McCree's habeas claim seeking to have the October 2013 charges presented to the grand jury would entitle him to no additional relief, the claim is moot. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (claim becomes moot when the controversy between the parties is no longer live); *Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (holding habeas petition moot where petitioner attacked state's calculation of gain time credits, and petitioner was no longer in custody); *Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (dismissing habeas petition as moot where petitioner ultimately sought release on parole and was released during pendency of habeas action).

There is no indication that McCree invoked his speedy trial rights after he was indicted. Indeed, he appears to have absconded following his indictment. On October 22, 2015, the Houston

County Circuit Court issued an alias writ of arrest for McCree's failure to appear for arraignment.[3] *See* Doc. Nos. 17-7 & 17-8.  Thus, McCree has obtained the only relief he has sought in the state courts with regard to expediting his criminal case: the presentation of his October 2013 charges to the grand jury, which has now indicted him.  His habeas claim seeking such relief is moot.

### B.  Claims Challenging Arrest and Search

McCree also claims that he was arrested without probable cause on the October 2013 controlled substances charges and that the controlled substances were seized in a residential search conducted under an invalid search warrant.  Doc. Nos 1, 5 & 7.  On this basis, he argues that the charges against him should be dismissed.  *See, e.g.,* Doc. No 1 at 3; Doc. No. 5 at 2; Doc. No. 7 at 2-4.

Under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  *Younger v. Harris*, 401 U.S. 37, 44–46 & 53-54 (1971); *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973); *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 (11th Cir. 2004). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972).  Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state

---

[3] McCree has been unresponsive to this court's orders since July 2015.

court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id*. at 493. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Id*.

McCree has not alleged facts showing that his prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F .2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Finally, McCree fails to show he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Alabama's state courts have adequate and effective state procedures for review of McCree's constitutional claims either before trial or, if McCree is convicted, through appellate and post-conviction proceedings.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be DENIED and this case DISMISSED with prejudice, as McCree has demonstrated no basis for federal habeas corpus relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before May 12, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993*); Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this the 28th day of April, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge